UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 21-10064 |
| | * | Jointly Administered with |
| BAYOU BYWATER LIVING, LLC; | * | CASE NO. 21-10065 |
| WEBSTER STREET HOLDING, LLC; | * | CASE NO. 21-10204 |
| RELDS, LLC; AND | * | CASE NO. 21-10205 |
| SOUTH CLAIBORNE HOLDINGS, LLC, | * | CASE NO. 21-11033 |
| GERARD MCGOVERN | * | |
| | * | SECTION "A" |
| DEBTORS | * | |
| | * | CHAPTER 7 |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## EX PARTE MOTION FOR EXPEDITED HEARING ON CHAPTER 7 TRUSTEE'S FINAL REPORT AND ACCOUNT

NOW INTO COURT, through undersigned counsel, come the debtor herein, Gerard McGovern (hereinafter referred to as "Debtor"), who respectfully represents to the Court as follows:

1.

Debtor filed a voluntary petition under Chapter 13 of Title 11 of the United States Code on August 5, 2021. On October 19, 2021, Debtor's case was converted to a Chapter 7 bankruptcy (hereinafter referred to as "McGovern Bankruptcy"), the McGovern Trustee was appointed as chapter 7 trustee.

2.

McGovern owned four (4) LLCs that filed the following chapter 11 bankruptcy cases that were subsequently converted to Chapter 7 bankruptcy cases (hereinafter collectively referred to as the "LLC Bankruptcies"):

1. *In Re: Bayou Bywater Living,* (filed on 1/19/21, converted on 4/22/21);
2. *In re Webster Street Holdings, LLC*, (filed on 1/19/21, converted on 5/11/21);
3. *RELDs, LLC*, (filed on 2/18/21, converted on 5/11/21);
4. *South Claiborne Holdings, LLC,* (filed on 2/18/21, converted on 5/11/21).

The Bayou Bywater Trustee was appointed as chapter 7 trustee of the LLC cases.

3.

Pursuant to the Court's Order [P-26], which was filed on March 24, 2021, and its Order [P-72], which was filed on October 19, 2021, the McGovern Bankruptcy and the LLC Bankruptcies were "consolidated for procedural purposes only" to be jointly administered by the Court.

4.

On July 17, 2023, the Chapter 7 Trustee for the McGovern Bankruptcy filed his *Trustee's Final Report and Account* [P-186] and *Trustee's Compensation and Expense Report* [P-187], hereinafter referred to collectively as "Final Reports".

5.

The McGovern Bankruptcy Trustee filed a Notice of Hearing [P-188], on July 17, 2023, scheduled his Final Reports for hearing, on August 9, 2023, at 1:00p.m. As discussed, *infra*, Debtor is respectfully requesting that the hearing on the Final Reports be expedited to the next hearing date, of July 26, 2023, at 1:00p.m.

6.

As evidenced by the Final Reports, the Debtor's LLC Bankruptcies were completed with 100% of all claims being paid in-full; and the surpluses from the LLC Bankruptcies have been transferred to the McGovern Bankruptcy estate.

7.

As evidenced by the Final Reports, all claims/creditors of the McGovern Bankruptcy estate will be paid in full by the Chapter 7 Trustee, including all secured; priority; and unsecured creditors/claims.

8.

As detailed in the Final Reports, the Debtor is expecting to receive a surplus of funds, from the Chapter 7 Trustee, after 100% of all claims/creditors are paid in full.

9.

As evidenced by the Debtor's bankruptcy cases, Debtor was self-employed as a real estate investor/owner/developer over the last few decades and earned his living from revenue that he generated from his numerous real estate properties. Over the last few years, Debtor lost his primary source of income while his bankruptcy cases liquidated all of his properties. As a

result of the loss of his income/employment, Debtor has struggled financially over the last few years trying to make ends meet. Debtor is elderly and has had difficulty attempting to secure employment at his age in an area that is new/different than his experience/expertise from the last few decades of owning/improving/renting real estate. Although Debtor lost his primary source of income during the bankruptcy cases, the liquidation of all of his properties successfully resulted in Debtor being in a position to pay 100% of allowed creditors/claims in his bankruptcy cases. Now that the Chapter 7 Trustee has filed his Final Reports and is ready to pay 100% of the creditors/claims of Debtor's bankruptcy estate, Debtor respectfully requests for the time period of waiting on approval of the Trustee's Final Reports to be shortened. As 100% of the creditors/claims can be paid in full following the approval of the Trustee's Final Reports, Debtor does not believe that any party will be prejudiced by the expediting of the hearings. In fact, Debtor is seeking to have all parties/creditors/claims receive their payments faster. Most importantly, Debtor desperately wishes to expedite the time period for finally accessing his expected surplus of funds, following the liquidation of all of his properties and payment of all claims/creditors. Debtor is desperately hoping to access his surplus funds as soon as possible so that he can finally try to start the process of rebuilding his life and employment after losing everything. Debtor believes that, as soon as he can access his surplus funds, he will be able to finally start his life over and attempt to regain part of his livelihood. In addition to being able to utilize the surplus funds to start over with his livelihood, Debtor has also been waiting for access to these funds so that he can finally put down a deposit for a comfortable and safe place to live.

10.

Expediting the hearing on the Final Reports is in the Debtor's best interest and in the best interest of all creditors/parties involved in his Chapter 7 Bankruptcy. Due to the Debtor's current dire financial circumstances, he is respectfully requesting that the hearing on the Final Reports be expedited, to shorten the delays for 100% of his creditors/claims to be paid in full, and for his access to the surplus funds of his estate. Debtor respectfully requests and moves this Honorable Court for an Expedited Hearing, on the Chapter 7 Trustee's Final Reports, for July 26, 2023, at 1:00pm.

11.

Debtor's counsel has contacted the Chapter 7 Trustee and United States Trustee's Office regarding Debtor's intentions to seek expediting of the hearing on the Final Reports. The

Chapter 7 Trustee of Debtor's bankruptcy estate does not object to expediting the hearing on these Final Reports. As of the time of filing this Motion, Debtor's Counsel has not received a response from the United States Trustee's Office regarding their consent/objection. Debtor's Counsel will supplement this Motion in the event that the United States Trustee's Office advises of their objection to the expediting of the hearing.

WHEREFORE the Debtor, Gerard McGovern, prays that the Court set the *Trustee's Final Report and Account* [P-186] and *Trustee's Compensation and Expense Report* [P-187], which was filed on July 17, 2023, to be heard, by expedited hearing, on Wednesday, July 26, 2023, at 1:00p.m, in the United States Bankruptcy Court for the Eastern District of Louisiana, 500 Poydras Street, Room B-705, 7th Floor, New Orleans, Louisiana 70130.

Respectfully Submitted:

*/s/ Jonathan R. DeTrinis*
Jonathan R. DeTrinis (33536)
**DET LAW FIRM, LLC**
4000 Bienville Street, Suite C
New Orleans, Louisiana 70119
PH: (504) 722-9711
FX: (504) 327-5309
Attorney for the Debtor